UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___8/23/21____
```

United States of America,

–v–

Christian Cardenas,

Defendant.

17-cr-339 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Christian Cardenas moves for compassionate release pursuant to 18 U.S.C. § 3582(c).

He contends that the extraordinary circumstances of the pandemic support his release, both

because he has medical conditions that place him at heightened risk for serious illness or death

from COVID-19 and because he has endured unusually harsh conditions during his

incarceration.  The Government counters that he has been vaccinated against COVID-19 and so

faces a low risk of infection.  After considering the sentencing factors set forth in 18 U.S.C.

§ 3553(a), the Court finds that the sentence it originally imposed is now greater than necessary to

achieve the purposes of punishment and that extraordinary and compelling circumstances

warrant a reduction in Mr. Cardenas's sentence, but not his immediate release.  The Court

reduces his sentence of imprisonment by one year.

I.      Background

The Government charged Mr. Cardenas and eight codefendants for their roles in a

conspiracy to distribute heroin, cocaine, and fentanyl in and around Rockland County from 2012

to 2017.  PSR ¶ 13.  Mr. Cardenas supplied his coconspirators with heroin that contained

fentanyl and so was particularly dangerous to those who used it.  After learning that a neighbor

had a nonfatal overdose on heroin he supplied, Mr. Cardenas continued selling it. *Id.* ¶¶ 15–19; *see* Sentencing Tr., Dkt. No. 237, at 33.  He was arrested in June 2017.  In total, he was responsible for the distribution of between one and three kilograms of heroin.  PSR ¶ 20.  After considering the applicable sentencing factors, including Mr. Cardenas's apparent remorse and family responsibilities, the Court imposed a below-guideline sentence of ninety-six months' imprisonment.  Sentencing Tr. at 34–35.

Mr. Cardenas is incarcerated as USP Lewisburg with a projected release date in March 2024.  He made an administrative request for compassionate release to the warden of USP Lewisburg and, following denial, moved the Court for relief.  Dkt. No. 319.  The Court appointed counsel to file a supplemental brief on Mr. Cardenas's behalf.  *Id.*  The Government opposes his motion.  *See* Gov. Opp., Dkt. No. 327.

## II.    Discussion

Section 3582(c) of title 18 provides a limited exception to the rule that "[f]ederal courts are forbidden,  as a general matter, to 'modify a term of imprisonment once it has been imposed.'"  *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)).  It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Though often referred to as "compassionate release," the statute permits any reduction in sentence up to and including a reduction to time served.  *United States v. Rodriguez (Diego Rodriguez)*, 492 F. Supp. 3d 306, 309 (S.D.N.Y. 2020).  "A district court could, for instance, reduce but not eliminate a

defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

The First Step Act of 2018, 132 Stat. 5194, 5239, amended this section to allow defendants to seek a sentence reduction in court after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020). "Chief among the[] changes [made by the First Step Act] was the removal of the BOP as the sole arbiter of compassionate release motions." *Brooker*, 976 F.3d at 233. Once a defendant satisfies the statute's exhaustion requirement, the First Step Act grants district courts "broad" discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. The Government does not contest exhaustion here, and Mr. Cardenas waited more than thirty days from his administrative request to seek relief from this Court. *See* Dkt. No. 339.

To grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and find that "extraordinary and compelling reasons warrant" a reduction in sentence and that a reduction in sentence would be consistent with any applicable policy statements issued by the Sentencing Commission. The Court finds that these requirements are met.

The Court begins by considering whether "extraordinary and compelling reasons warrant such a reduction [in sentence] . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Since the

3

Second Circuit's decision in *Brooker*, courts are no longer bound by the policy statement in

U.S.S.G. § 1B1.13 in deciding a defendant's motion under 18 U.S.C. § 3582(c)(1)(A). *See*

*Brooker*, 976 F.3d at 235–36. The Court therefore looks to § 1B1.13 for guidance in the exercise

of its discretion, but is free to consider other factors that might make a defendant's circumstances

extraordinary and compelling.

This Court has repeatedly found that the COVID-19 pandemic presents an extraordinary

and unprecedented threat to incarcerated individuals. *See, e.g.*, *United States v. Gross*, 452 F.

Supp. 3d 26, 30 (S.D.N.Y. 2020) *United States v. Williams-Bethea*, 464 F. Supp. 3d 562, 568

(S.D.N.Y. 2020); *see also Nkanga*, 450 F. Supp. 3d 491, 492 (S.D.N.Y. 2020). This Court has

also followed others in this District in finding that the pandemic may present extraordinary

circumstances even for those who have already recovered from or been vaccinated against

COVID-19 and thus face a lower risk of infection. *See United States v. Rodriguez (Anthony*

*Rodriguez)*, No. 16-cr-07 (AJN), 2020 WL 7640539, at *4 (S.D.N.Y. Dec. 23, 2020); *see, e.g.*,

*United States v. Barajas*, No. 18-cr-736 (NSR), 2020 WL 3976991, at *10–11 (S.D.N.Y. July 13,

2020); *United States v. Graham*, No. 16-cr-786-02 (NSR), 2020 WL 5604050, at *3 (S.D.N.Y.

Sept. 17, 2020). The pandemic has imposed serious burdens on inmates apart from medical

risks, including unprecedented restrictions on visitation, activities, and inmate movement within

facilities. *Anthony Rodriguez*, 2020 WL 760539, at *4.

Mr. Cardenas has felt these burdens particularly acutely. Pandemic-related lockdowns

have severely limited his access to communications with his family. As a result of Lewisburg's

suspension of social visits, he has not seen his wife and young daughter since 2019. Cardenas

Br., Dkt. No. 326, at 10. Access to telephones has been similarly restricted. *Id.* Mr. Cardenas's

incarceration has also taken an extraordinary practical toll on his family.  His wife lost her job during the pandemic and must care for both her elderly mother and daughter, whose school has shut down.  Cardenas Br., Ex. D.  Without Mr. Cardenas to help, her caretaking obligations prevent her from seeking work and leave her unable to support their family.  *Id.*

The Court finds that these circumstances are extraordinary and compelling.  It emphasizes, of course, that restrictions on visitation or other pandemic-related measures taken by prisons will not amount to extraordinary circumstances for most defendants who have recovered from or been vaccinated against COVID-19.  For others, the balance of the § 3553(a) factors may not support a reduction in sentence even accounting for the extraordinary circumstances of the pandemic.  It is the rare case in which the pandemic will amount to extraordinary circumstances for a defendant who does not face heightened medical risks from COVID-19.  But Mr. Cardenas's is such a case.  The Court thus finds that this requirement for a reduction in sentence is satisfied and so turns next to the § 3553(a) factors.

Because this Court sentenced Mr. Cardenas, it is intimately familiar with how the § 3553(a) factors apply to his case.  Mr. Cardenas was involved in a major drug conspiracy and was responsible for the distribution of large quantities of heroin.  What's more, his activities resulted in at least one nonfatal overdose.  Though he expressed concern about the dangers of heroin adulterated with fentanyl after learning of that overdose, he continued to sell it.  This was a serious offense.

But other factors have emerged since the Court sentenced Mr. Cardenas that weigh in favor of a lower sentence.  Mr. Cardenas has a spotless disciplinary record while incarcerated.  Cardenas Br., Ex. E.  He has worked while incarcerated and has completed a number of

educational courses and drug abuse counseling, though the pandemic has prevented him from continuing the GED course he began while incarcerated. Cardenas Br., Exs. F–G. His wife has arranged for a job for him when he is released. Cardenas Br., Ex. D. And, as discussed above, the time Mr. Cardenas has served in prison has been much more onerous than the Court contemplated when it sentenced him. Accounting for the pandemic's impact on Mr. Cardenas's conditions of confinement and the burdens it has imposed on his family, "the sentence [he] is now serving looks materially different from the sentence the Court envisioned." *United States v. Garcia*, 505 F. Supp. 3d 328, 332 (S.D.N.Y. 2020).

The Court also takes into account "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The Court previously granted compassionate release to one of Mr. Cardenas's co-defendants who pled guilty to the same statutory offense. *See United States v. Bolanos*, No. 17-cr-339 (AJN), 2020 WL 7647458 (S.D.N.Y. Sept. 17, 2020). Though Mr. Cardenas arguably bears more culpability than his co-defendant based on the circumstances of his offense, the Court finds that the size of the disparity between their sentences is unwarranted.

The sentence the Court imposed was, at the time, sufficient but no greater than necessary to achieve the purposes of sentencing. However, its analysis is different under present circumstances. Although the Court does not believe immediate release would be consistent with the seriousness of Mr. Cardenas's offense, it concludes that a modest reduction in Mr. Cardenas's sentence is appropriate. *See, e.g.*, *United States v. Henareh*, No. 11-cr-93 (JSR), 2021 WL 119016, at *5 (S.D.N.Y. Jan. 13, 2021). After considering the § 3553(a) factors, the Court finds that a total sentence of eighty-four months' imprisonment—that is, a one-year

reduction in the Court's original sentence—is sufficient but no greater than necessary to achieve the purposes of sentencing.  The Court will thus exercise its discretion to reduce Mr. Cardenas's sentence accordingly.

## III.    Conclusion

For the foregoing reasons, the Court GRANTS in part Mr. Cardenas's motion for a reduction in sentence.  The Court resentences Mr. Cardenas to eighty-four months' imprisonment.  All other aspects of the Court's judgment remain in full force and effect.


SO ORDERED.


Dated: August 23, 2021
          New York, New York                          _____
                                                                         ALISON J. NATHAN
                                                                   United States District Judge